**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────

RUTH CHANECKA, o/b/o the Estate of
Mary A. Dofton,
                                        Plaintiff,

        v.                                                          No. 09-CV-1276
                                                                    (GLS/DRH)

MICHAEL ASTRUE, Commissioner of Social
Security,
                                        Defendant.

───────────────────────────────────────

**APPEARANCES:**                        **OF COUNSEL:**

HINMAN, HOWARD & KATTELL, LLP           LAURIE M. CEPARANO, ESQ.
Attorney for Plaintiff
Post Office Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902-5250

HON. RICHARD S. HARTUNIAN               KRISTINA COHN, ESQ.
United States Attorney for the          Special Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

        Plaintiff Ruth Chanecka ("Chanecka") brings this action on behalf of deceased

claimant Mary Dorton ("Dorton") pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security ("Commissioner") denying Dorton's

claim for underpayment of benefits for a thirty-six month period.  Compl. (Dkt. No. 1).

───────────────────────

        [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

The Commissioner moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Dkt. No. 6.  Dofton has failed to respond.  For the reasons which follow, it is recommended that the Commissioner's motion be granted and the complaint dismissed.

## I. Procedural History

On April 21, 1998, Dofton filed an application for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 401 et seq, which was subsequently awarded.  Dkt. No. 1-2 at 3.  In 2004, Administrative Law Judge ("ALJ") Tarrant held that "as of 2000, [Dofton] had income and resources in excess of the allowable amount and became ineligible for continuation of supplemental security income [("SSI")] for a 36 month period ending June 2003."  Dkt. No. 1-2 at 5.  On January 12, 2007, ALJ Tarrant's decision was vacated and remanded for additional proceedings.  Dkt. No. 1-3; Dkt. No. 6-1 at 1-6.  Dofton died on October 12, 2007, prior to the supplemental hearing being completed.  Dkt. No. 1-4 at 3; Dkt. No. 6-1 at 8, 15.

On October 10, 2008, a hearing was convened and Dofton's representative appeared on her behalf.  Dkt. No. 1-4 at 3; Dkt. No. 6-1 at 8, 15; Herbst Decl. (Dkt. No. 6-1) ¶ 3(a).  ALJ Lischak ordered Dofton's claims and hearing dismissed because, in the event a "claimant dies while [a] request for hearing is pending," Title XVI benefits can only be paid to specific parties.  Dkt. No. 1-4 at 3-4; Dkt. No. 6-1 at 8-9, 15-16.  As "[t]here [we]re no other parties to th[e] proceeding and . . . no information showing that a survivor who may be paid benefits under 20 CFR 416.542(b) wishe[d] to pursue the request for hearing," there was no opportunity for anyone to collect the alleged

2

underpayments which Dofton claimed.  Dkt. No. 1-4 at 4; Dkt. No. 6-1 at 9, 16.

Accordingly, "the issue . . . becomes moot."  Dkt. No. 1-4 at 4; Dkt. No. 6-1 at 9, 16;

Herbst Decl. 3(a).

On December 8, 2008, Chencka[2] filed a Request for Review of ALJ Lischak's

order dismissing Dofton's claims.  Herbst Decl. ¶ 3(c); Dkt. No. 6-1 at 20-24.  On

September 16, 2009, the Appeals Council denied the request, affirming the decision

and reasoning because, pursuant to 20 C.F.R. § 416.542(b),

> underpayment can only be paid to a deceased recipient's
> eligible surviving spouse or ineligible spouse who was living
> with the claimant within six months immediately preceding
> the month of death [and] . . . no further benefits may be paid
> to the estate of any underpaid recipient or any other survivor
> that is not the claimant's eligible or ineligible spouse.

Dkt. No. 1-5 at 2; Dkt. No. 6-1 at 26.  As Chanecka was not a surviving spouse, she

was ineligible to receive any sort of underpayment, and the dismissal "was in

accordance with existing policy."  Dkt. No. 1-5 at 2; Dkt. No. 6-1 at 26.  This action

followed.


## II.  Discussion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate

it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P.

12(b)(1)).  "If a controversy is moot, then the Court lacks subject matter jurisdiction over

---

[2] Chencka is Dofton's daughter and administrator of her estate.  Herbst Decl. ¶
3(b); Dkt. No. 1-1.

the action." <u>Ward v. Bank of New York</u>, 455 F. Supp. 2d 262, 266 (S.D.N.Y. 2006) (citations omitted). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1945 (2009) (citations omitted).

The United States, as a sovereign entity, is immune from suit pursuant to the terms of the Eleventh Amendment unless it consents to suit and the consent includes the jurisdiction of the court presiding over the suit. <u>Makarova</u>, 201 F.3d at 113 (citations omitted). "The doctrine of sovereign immunity is jurisdictional . . . and therefore to prevail, the plaintiff bears the burden of establishing that h[is] claims fall within the applicable waiver." <u>Id.</u> (citations omitted). In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title XVI of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). It is clear from the statute that judicial review is only permitted in accordance with the terms therein:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer

4

or employee thereof shall be brought under section 1331 or
1346 of Title 28 to recover on any claim arising under this
subchapter.

42 U.S.C. § 405(h).

Thus, the waiver of subject matter jurisdiction is clearly limited to agency action

which is a "final decision of the Commissioner . . . made after a hearing . . . ."  42

U.S.C. § 405(g).  In order to satisfy the administrative review process, making judicial

review possible, a claimant must follow the process outlined in 20 C.F.R. § 404.900(a).[3]

See also Califano v. Sanders, 430 U.S. 99, 102 (1977) ("The Act and regulations thus

create an orderly administrative mechanism, with district court review of the final

decision of the [Commissioner]. . . .").  If the claimant fails to pursue these

administrative rights, the administrative determination becomes binding.  20 C.F.R. §§

404.905, 404.921, 404.955, 404.981.  Ordinarily, a claimant must exercise his rights

under the administrative appeals structure within a specified time frame.  20 C.F.R. §

404.900(a).  However, upon a showing of good cause, an extension of time can be

granted.  Id. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982.

In this case, the Commissioner's motion should be granted for multiple reasons.

First, as there has been no final decision issued from the Commissioner, judicial review

is precluded.  A final decision exists when the appeals process has been completed

---

[3] To complete the administrative process, a claimant must first receive an initial
determination.  20 C.F.R. § 404.900(a)(1).  If the claimant is dissatisfied with the
determination, he or she may seek reconsideration of the initial determination.  Id. §
404.900(a)(2).  If the claimant is still unhappy with the decision upon reconsideration,
he or she may request a hearing before an ALJ.  Id. § 404.900(a)(3).  The claimant
may request additional review from the Appeals Council.  Id. § 404.900(a)(4).  Finally,
the claimant may bring the claim to federal court for review.  Id. § 404.900(a)(5).

and the claimant receives either a decision from the Appeals Council or a notice stating that the Appeals Counsel is denying claimant's request for review.  20 C.F.R. §§ 416.1481, 422.210.  In this case, the ALJ dismissed the request for a hearing based upon the pertinent regulatory scheme.  This dismissal does not represent a judicially reviewable final decision.  See Shulman v. Sec. of Dep't of Health & Human Servs., No. 94-CV-5506 (TPG), 1997 WL 68554, at *3 (S.D.N.Y. Feb. 19, 1997) (explaining that where a requested hearing was denied based on the fact that plaintiff was not a surviving spouse and thus not entitled to underpayments, there had been no hearing rendering a final decision and, therefore, "no statutory right to judicial review.").

However,

A waiver of the exhaustion requirement may be inferred where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate.

Smith v. Schweiker, 709 F.2d 777, 781 (2d Cir. 1983) (citations omitted).  None of these exceptions apply in the present case.  First, Chanecka's challenge is not to the validity of the regulations, but only to their application in denying her request to have Dofton's underpayments provided.  Thus, "[t]he issue in suit is identical to the administrative demand [as Chanecka is] . . . challenging the lawfulness of the denial, and not seeking relief other than that sought in the administrative proceeding."  Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996).  Second, Chanecka is not challenging the constitutionality of the provision of the regulations and, thus, exhaustion is not a futile gesture. See Ryan v. Bentsen, 12 F.3d 245, 247 (D.D.C. 1993) ("Because the constitutionality of

6

a statutory provision is an issue beyond [the Commissioner's] competence to decide, exhaustion is futile.") (citations omitted).  Lastly, the record does not support, and Chanecka failed to provide, any evidence that compelling repayment would cause irreparable harm.

Accordingly, there was no final decision rendered in the present case and the Commissioner's motion to dismiss for lack of subject matter jurisdiction should be granted.

Second, even if the claim was properly exhausted, it is moot.  It is clear that the regulations require that, in the event a claimant dies, benefits which were allegedly underpaid may only be given to the claimant's surviving spouse and not to "the estate of any underpaid recipient . . . ."  20 C.F.R. § 416.542(b)(1) & (2); see also Social Security Administration, Office of Hearings and Appeals, Litigation Law Manual ("HALLEX") I-3-4-4 (B)(2)(a), 1993 WL 643136 ("The Appeals Council may dismiss a request for review when the . . . (SSI) applicant or recipient dies if: there is no eligible spouse . . . and the applicant . . . did not authorize interim assistance reimbursement . . . to a State . . . ."[4]).  The record contains no evidence that Dofton had an eligible spouse.  The record also establishes that Chanecka was her daughter and thus ineligible to collect any arguable underpayments pursuant to the regulations.  See Webb v. Comm. of Soc. Sec., No. 08-CV-82, 2009 WL 3719398, at *3-4 (N.D.N.Y. Nov. 4, 2009) (holding that plaintiff could not recover an SSI underpayment on behalf of his deceased step-brother because the step-brother's "estate . . . would not be eligible for any SSI underpayment . . . [and t]he

---

[4] The record does not mention interim assistance reimbursement.  As this issue was not raised in the administrative proceedings, it will not be addressed here.

record . . . contains no evidence . . . [of] an eligible spouse . . . .") (citations omitted); Hill

v. Barnhart, No. 05-CV-166, 2006 WL 910010, at *1 (W.D.Va April 6, 2006) ("SSI

benefits may not be paid to a decedent's estate or any survivor other than a surviving

spouse, and as plaintiff has died leaving no eligible surviving spouse, plaintiff's death

renders this case moot.").

Therefore, because Dofton died without leaving a proper party to collect any

arguable underpayments, the controversy is moot, and the Commissioner's motion

should also granted on this ground.


### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that the

Commissioner's motion to dismiss (Dkt. No.6) be **GRANTED** and Chanecka's complaint

be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the

foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE**

**TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v.

Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); Fed

R. Civ. P. 72, 6(a), 6(e).


DATED: December 6, 2010
           Albany, New York

*David R. Homer*
United States Magistrate Judge